IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMILY Z., a minor, by her parents and next )
friends, Richard Z. and Nora Z., and by )
RICHARD Z. and NORA Z., on their own behalf )
)
)
       Plaintiffs, )
)
 -vs- )
                                    Civil Action No. 06-442
)
MT. LEBANON SCHOOL DISTRICT, )
)
)
       Defendant. )

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiffs assert claims under the IDEA, § 504 of the Rehabilitation Act and 42 U.S.C. § 1983 based upon the Defendant School District's alleged failure to provide Plaintiff Minor Daughter with a free appropriate public education. The School District contends that all claims must be dismissed because the Plaintiffs did not file their Complaint within the statute of limitations. I disagree. The Motion to Dismiss is denied.

### OPINION

Plaintiffs, Emily Z (a minor), Richard Z and Nora Z (her parents) bring claims

1

under the Individuals With Disabilities Education Act ("IDEA"), the Americans With Disabilities Act ("ADA"), § 504 of the Rehabilitation Act and 42 U.S.C. § 1983 against Defendant Mt. Lebanon School District ("the School District"). The Z Family contends that Emily was denied a free appropriate public education ("FAPE"), was discriminated against based upon her disabilities and was denied due process of law.

Emily was born on August 10, 1994. She has been identified as "other health impaired" because of a nonverbal learning disability and an individualized education plan ("IEP") was developed for her. Emily was subsequently diagnosed as also having attention deficit hyperactivity disorder, Tourette's syndrome, an anxiety disorder and obsessive-compulsive traits. According to the Complaint, other children began to tease and bully Emily because of these traits and school personnel failed to take appropriate action to stop the behavior. Accordingly, on July 24, 2004, the Z Family filed for an administrative hearing under the IDEA. As recounted in the Complaint, the issues addressed at the hearing were "whether the child was denied a [FAPE] because of the persistent harassment and bullying, was the child discriminated against by the District, and whether the child was entitled to compensatory education... ." See Docket No. 1, ¶ 15. On December 13, 2004, a hearing officer issued a decision denying the claims. The Appeals Panel affirmed the decision on January 19, 2005. Plaintiffs commenced this action on April 16, 2006.

The School District has filed a Motion to Dismiss. See Docket No. 3. The School District contends that the IDEA claim is untimely and that, as such, all claims must fail. I disagree. For the reasons set forth below, the Motion to Dismiss is DENIED.

## **STANDARD OF REVIEW**

In deciding a Motion to Dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Colburn, 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(2)(a) and Conley, 355 U.S. at 45-46. Matters outside the pleadings should not be considered. This includes "any written or oral evidence in support of or opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings." Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1366 (West 1990).

3

**ANALYSIS**

**A. The IDEA Claim is Timely**

In December of 2004, the IDEA was amended by the Individuals With Disabilities Education Improvement Act (IDEIA). Under these amendments, a party aggrieved by a final administrative decision has the right to bring an action in federal court within 90 days from the date of the decision of the hearing officer. 20 U.S.C. § 1415(i)(2)(A). These amendments became effective on July 1, 2005. The School District reasons that the Z Family had only 90 days from the date the amendments became effective to commence this suit. The Z Family did not, so the School District contends that all claims must be dismissed.

I disagree. Here, both the administrative hearing and the Appeals Panel decision were rendered prior to the effective date of the IDEIA. At the time these decisions were rendered, the statute of limitations for appeal pursuant to 20 U.S.C. § 1415(i)(2)(B) was two years from the issuance of the ruling from which the appeal is taken. Susavge v. Bucks County, Civ. No. 00-6217, 2002 WL 109615 at * 22 (E.D. Pa. Jan. 22, 2002). Accordingly, the School District's argument would require me to apply the 90 day appeal period retroactively. Yet, the Supreme Court has made clear that "there is a presumption against retroactive application of a new law, unless Congress has indicated otherwise." See Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994). The School District has not identified any legislative history suggesting that Congress intended that the IDEIA be applied retroactively. Additionally, the Third

Circuit court has clearly stated that "amendments to the IDEIA have prospective application only." See Lawrence Twp. Bd. Of Education v. State of New Jersey, 417 F.3d 368, 370 (3d Cir. 2005). Moreover, the amendment clearly states that the "limitations period begins to run on the date of the decision of the hearing officer." As the court in P.S. v. Princeton Regional Schools Bd. Of Education, Civ. No. 5-4769, 2006 WL 38938 at * 2 (D. N. J. Jan. 5, 2006) noted:

> [s]ubstituting the effective date of the statute as the accrual date … reads in a provision of the statute that is not there. Had Congress intended to use the effective date of the amendment as its accrual date for appeals from all decisions rendered before that time, it would have stated so. Since Congress did not write in such a provision, this Court cannot create it out of thin air.

Thus, I decline to apply the 90 day appeal period set forth in the IDEIA retroactively. See P.S. v. Princeton, 2006 WL 38938 at * 2; Farzana K. V. Indiana Dept. Of Ed., Civ. No. 5-266, 2005 WL 3501703 at * 6 (N.D. Ind. Dec. 20, 2005). Instead, I find that "the version of the IDEIA to be applied with respect to appeals from final decisions in due process hearings is the version in effect on the date of the decision being appealed." DeKalb County School District v. J.W.M. and S.M., Civ. No. 6-125, 2006 WL 2347399 at * 5 (N.D. Ga. Aug. 11, 2006). As stated above, the statute of limitations in place at that time was two years. The Z Family initiated this action well within that time period. Consequently, the Motion to Dismiss the IDEA claim is denied.

### B. The Remaining Claims

The Z Family also raises claims under the ADA, the Rehabilitation Act and 42 U.S.C. § 1983. The School District contends that the Appeals Council conclusively

determined that Emily was provided a FAPE, and that the claims must therefore be dismissed because they are all premised upon the belief that Emily was denied a FAPE. I reject the School District's contentions. As set forth above, the issue of whether Emily was denied a FAPE remains viable - her appeal under the IDEA was timely. As such, the Appeals Council's ruling is not dispositive of the ADA, the Rehabilitation Act and / or the § 1983 claims.

### C. Richard Z and Nora Z as Plaintiffs

Finally, the School District argues that Richard Z and Nora Z, the parents, do not have any substantive claims under the IDEA, the ADA, the Rehabilitation Act and / or § 1983. It therefore demands the dismissal of these claims. The Motion is denied, in this regard, as moot. In the Brief in Opposition, Richard Z and Nora Z make clear that they are not asserting any claims in their own right. Rather, they are simply asserting, as guardians, the claims of their daughter.

*****************************

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMILY Z., a minor, by her parents and next )
friends, Richard Z. and Nora Z., and by )
RICHARD Z. and NORA Z., on their own behalf )
              )
   Plaintiffs,        )
              )
 -vs-            )
               Civil Action No. 06-442
MT. LEBANON SCHOOL DISTRICT,   )
              )
   Defendant.       )

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **7th** day of September, 2006, for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss (Docket No. 3) is DENIED in its entirety.

                  BY THE COURT:


               /S/   Donetta W. Ambrose

               Donetta W. Ambrose,
               Chief U. S. District Judge