IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY Z., a minor by her parents and next friends, RICHARD Z and NORA Z., RICHARD Z. AND NORA Z.<br><br>Plaintiffs,<br><br>-vs-<br><br>MT LEBANON SCHOOL DISTRICT,<br><br>Defendant. | Civil Action No. 06-442 |

AMBROSE, Chief District Judge.

OPINION and ORDER OF COURT

SYNOPSIS

A student and her parents contend that the Defendant School District condoned excessive bullying and thereby denied her a free appropriate public education ("FAPE"). The Family seeks redress under the Individuals With Disabilities Education Act ("IDEA"), the Rehabilitation Act ("Rehab Act"), the Americans With Disabilities Act ("ADA") and 42 U.S.C. § 1983. The School District seeks the entry of summary judgment in its favor on all claims. I agree with the School District that the entry of judgment in its favor is appropriate.

1

OPINION

Plaintiff Emily Z ("the Student") was a third grade student at Defendant Mt. Lebanon School District ("the School District") during the 2003-2004 school year. She had been identified as "other health impaired" because of a nonverbal learning disability and an Individualized Education Plan ("IEP") had been developed prior to the commencement of that school year. According to the Student's parents, shortly after the beginning of the school year, the Student began being bullied and verbally attacked by her peers. The Student's Mother tracked the incidents in her daily calendar and represents that they complained of the same to the School District on an almost daily basis. Based upon unsatisfactory peer interactions, the School District began collecting data and conducting observations for a functional behavioral assessment in the Fall of 2003.

The Family contends that shortly before Thanksgiving, the Student was choked and slammed against the wall of the coatroom by a peer. Dr. Christine Heisler, the Principal, investigated the incident and required both children who were involved to apologize to one another. Dr. Heisler spoke to the children in the class about appropriate behavior and classroom procedures were changed.

Specifically, a behavior support plan was added to the Student's IEP in December, 2003. Janet Niedzwicki, an inclusion specialist, provided additional support to the classroom. A personal care assistant was also assigned to the classroom, and Cathy McCain, a guidance counselor, gave classroom lessons to the students regarding behavior, feelings and acceptance.

The Student's behavior plan was modified in March of 2004. A personal care assistant was assigned to help the Student interact appropriately with other students on the playground, during lunch and in the hallways. The Student was also provided with social skills training in a small group setting two times a week during the second semester of the 2003-2004 school year. Though the School District sought and obtained permission to reevaluate the Student, the evaluation was not completed because the Student and her Family moved from the School District.

The Family contends that the School District never satisfactorily addressed the bullying and verbal attacks. The Family requested a due process hearing alleging that the IEP was not being implemented properly, that the Student had not received a free, appropriate public education under the IDEA, and that § 504 of the Rehab Act had been violated because of the bullying and verbal attacks at school.[1] Following four due process hearings, the Hearing Officer concluded that the School "District was not indifferent and did take steps to address the concern that [the Student] was being victimized." The Hearing Officer also determined that the School District had not denied the Student a FAPE and therefore she was not entitled to compensatory education. Finally, the Hearing Officer found that the Student had not been discriminated against under § 504 of the Rehab Act.

The Family appealed the decision to the Pennsylvania Department of

---

[1] The Family did not initially challenge the appropriateness of the IEP or behavior support plan. They did attempt to add these issues during the due process hearing but the hearing officer denied this attempt. The Appeals Panel affirmed this ruling. This issue is not before me.

Education Appeals Panel.  The Appeals Panel[2] concluded that Emily had made significant academic progress during the academic year and that she had made progress in IEP goals.  It also determined that the School District personnel responded in an appropriate manner to complaints of negative interactions with other children. Specifically, the Appeals Panel found that the School District "neither tolerated, condoned or tacitly supported negative reactions by other students." Consequently, the Appeals Panel agreed with the Hearing Officer that the Student had not been denied a FAPE under the IDEA and that she was not entitled to compensatory education.

The Family then initiated this litigation.  They contend that the Student was denied a FAPE in violation of the IDEA, 20 U.S.C. § 1400 et seq., that the Student was discriminated against in violation of § 504 of the Rehab Act, 29 U.S.C. § 794, that she was discriminated against in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §1201 et seq., and that the School District violated 42 U.S.C. § 1983.  The School District has filed a Motion for Summary Judgment. See Docket No. [21].  The Family has filed a three and one half page, largely non-responsive, Opposition. After careful consideration, and for the reasons set forth below, the Motion is granted.

## ANALYSIS

I. *THE IDEA CLAIM*

  A. Standard of Review

While the School District seeks the entry of summary judgment on the IDEA

---

[2] The Appeals Panel does not have jurisdiction over Rehabilitation Act claims.

4

claim, I am essentially reviewing administrative decisions.  "Accordingly, the traditional standard for reviewing summary judgments is not applicable." <u>Bucks County Dept. Of Mental Health v. Commw. of Pa.</u>, 379 F.3d 61, 65 (3d Cir. 2004).

The IDEA provides that in reviewing administrative decisions, the court:

> (i) shall receive the records of the administrative proceedings;
>
> (ii) shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on the preponderance of evidence, shall grant such relief as [it] determines is appropriate.

20 U.S.C. § 1415(i)(2).  As my colleague recently observed:

> [i]n IDEA cases, district courts are required to give "due weight" to the factual findings in state administrative proceedings. ... The United States Court of Appeals for the Third Circuit further defined "due weight" as "modified de novo" review. ... Under this modified de novo review, "'a district court is required to make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative proceedings.'" ... Further, "'[f]actual findings from the administrative proceedings are to be considered prima facie correct,' and '[i]f a reviewing court fails to adhere to them, it is obliged to explain why.'"

<u>Penn Trafford School District v. C.F.</u>, Civ. No. 4-1395, 2006 WO 840334 at *3 (W.D. Pa. March 28, 2006) (citations omitted).

### B. <u>Additional Evidence</u>

Section 1415(i)(2) of the IDEA contemplates the introduction of additional evidence at the district court level.  Although the statute uses the word "shall,"

courts have interpreted the statutory language in such a manner as to preclude the introduction of cumulative, repetitive evidence. See <u>Bernardsville Bd. Of Education v. J.H.</u>, 42 F.3d 149, 161 (3d Cir. 1994). The School District makes an initial argument that the Family should not be permitted to introduce evidence not proffered at the administrative level.

Significantly, the Family has not formally asked that I consider any additional evidence. It did, however, attach as "evidence" in opposition to the pending Motion a letter dated June 23, 2004 from the Student's parents, and Amended Answers to Interrogatories. See Docket No. [26-2]. Accordingly, I will address whether to consider this additional evidence.[3]

The letter recounts the Thanksgiving incident and the Mother's continued exchanges with Dr. Heisler. The letter is extremely difficult to read, but it appears to also make some reference to other incidents occurring during the school year. Regardless of the precise details of the letter, however, I note that the Family conceded in its Brief that the incidents which happened throughout the school year were "detailed in the mother's diary and calendar ... [and] also summarized as the

---

[3] The Family also references in its Brief the need for additional testimony from the Mother concerning the incidents of bullying. It is clear from both the administrative record and from the Family's Brief, however, that the Mother testified at length about the incidents of bullying. Accordingly, even were I presented with actual "evidence," which I am not, such testimony would be unnecessary because it would be cumulative and repetitive. The Family also asks to present testimony from the Student's current school regarding approaches to preventing bullying. Again, I have not been given actual "evidence" in this regard, so the request is moot. Further, I fail to see how such "evidence" would be relevant to the issue of whether the Student was denied a FAPE by the School District. Finally, the Family asks for additional testimony from Dr. Affra regarding a diagnosis made following the conclusion of the school year regarding the Student's Post-Traumatic Stress Disorder. Again, I have not been given actual evidence. Furthermore, I fail to see how a diagnosis given following the conclusion of a school year would have any bearing on whether the School District denied the Student a FAPE during the 2003-2004 academic year.

latter half of a letter the parents wrote to the district's superintendent on June 23, 2004." See Docket No. 25, p. 3.  At the administrative hearing, the calendar itself was entered into evidence.  The Mother also testified at length about the incidents of bullying.  Accordingly, I find that the letter itself is cumulative and redundant of the evidence already presented at the administrative level.

The only other "evidence" consists of the Amended Answers to Interrogatories.  In its Brief in Opposition, the Family references the Amended Answers solely for the purpose of identifying the names of students who had not been identified by the Mother during her testimony at the administrative hearing.  See Docket No. 25, p. 3.  The Mother did in fact testify as to the incidents themselves, which was the relevant information considered by the Hearing Officer and the Appeals Panel.  Consequently, I decline to consider such additional evidence.

C. Modified De Novo Review

Both the Hearing Officer and the Appeals Panel in this case found that the testimonial and extrinsic evidence of record demonstrated that the Student received a meaningful educational benefit and that the School District had provided her with a free, appropriate public education.  The Hearing Officer also determined that the Student had not been discriminated against under § 504 of the Rehab Act.  My review of the record confirms these findings.

Indeed, the record indicates that the Student made significant academic progress during the 2003-2004 school year.  Her math scores improved significantly between the second and third grades as measured by the Stanford Achievement

7

Tests. So too did her language and reading scores. Her Special Education teacher noted an improvement in her writing skills throughout the year. Further, after an initial drop in her reading comprehension, the Student was placed in a reading comprehension program which she completed with a 90-95% mastery level. Additionally, I find no reason to question the Hearing Officer's credibility determinations regarding the bullying, and agree that the School District neither condoned, ignored or tacitly approved of inappropriate behavior. Indeed, the record evidence indicates that the School District took such steps as sending a guidance counselor in to provide the class lessons on social skills, the Student was given an aide to help her interact with groups during the playground and at lunchtime and her IEP was modified when further information was provided about her condition. Moreover, the testimony from the adults familiar with the situation indicated that the objectionable behavior from peers was not always directed at the Student and that often, the Student herself was the source of the objectionable behavior.

      Significantly, the Family offers no argument to the contrary. There is simply no discussion of how the Hearing Officer or the Appeals Panel erred based upon the facts before them. Instead, the Family focuses upon the submission of additional evidence. For the reasons set forth above, I decline to consider the additional evidence. Consequently, I will enter summary judgment in favor of the School District on the IDEA claim. The Student was not denied a FAPE and she is not entitled to any compensatory education.

II. <u>THE REHAB ACT AND THE ADA</u>

The Family also contends that the School District discriminated against the Student in violation of § 504 of the Rehab Act and the ADA. No separate allegations are provided in support of these claims, rather, they are based upon the same core of facts set forth in support of the IDEA claim.

The School District seeks the entry of summary judgment on these claims as well, arguing that the ADA and Rehab Act claims are derivative of the IDEA claim. The Family offers no argument in response. I agree that here, where the ADA and Rehab Act claims are premised upon violations of the IDEA, the claims are merely derivative and suffer the same fate as the IDEA claim. <u>See</u> <u>Melissa S v. School District of Pittsburgh</u>, 183 Fed. Appx. 184, 188 (3d Cir. 2006) (affirming grant of summary judgment where summary judgment was appropriately entered on IDEA claim and where "the allegations underlying the Rehabilitation Act claim do not differ substantively from those underlying the IDEA claim"), <u>quoting</u>, <u>Matula</u>, 67 F.3d at 492-93 ("there appears to be few differences, if any, between IDEA's affirmative duty and § 504's negative prohibition"); <u>Falzett v. Pocono Mountain School District</u>, 152 Fed. Appx. 117, 120-21 (3d Cir. 2005) (stating that, "[b]ecause Pocono provided Tiber with a FAPE, the District Court correctly granted Pocono summary judgment on Tiber's claims under the ADA, the Rehabilitation Act, and 42 U.S.C. § 1983"); <u>Derek B. ex rel. Lester B. v. Donegal School District</u>, Civ. No. 6-2402, 2007 WL 136670 at * 13 (E.D. Pa. Jan. 12, 2007) (holding that, because the court denied relief under the IDEA, it must also deny relief under § 504); <u>P.G. ex rel. C.B. v. Southern York County School District</u>,

2006 WL 3042966 (M.D. Pa. Oct. 24, 2006) (stating that where § 504 and ADA claims are premised upon the same core of operative facts as an IDEA claim, the Commonwealth Court's entry of judgment in favor of the school district on the IDEA claim mandated, on the basis of collateral estoppel, the entry of judgment in favor of the school district on the ADA and Rehab Act claims) and Colon ex rel. Disen-Colon v. Colonial Intermediate Unit 20, 443 F. Supp.2d 659, 677 (M.D. Pa. 2006). Accordingly, summary judgment is granted in favor of the School District on the claims asserted under the ADA and the Rehabilitation Act.

*III. The § 1983 Claim*

The Family's § 1983 claim is predicated upon violations of the IDEA and the Rehab Act. The Third Circuit Court recently abrogated a prior decision, W.B. v. Matula, 67 F.3d 484 (3d Cir. 1995), which would have permitted the assertion of such a claim. In A.W. v. The Jersey City Public Schools, 486 F.3d 791 (3d Cir. 2007), the Third Circuit Court concluded that because there exists an express, private means of redress under both the IDEA and the Rehab Act, § 1983 is not an available remedy. Consequently, I agree with the School District that it is entitled to the entry of summary judgment in its favor on the § 1983 claim.[4]

* * * * * * * * * * * * * * * * * * * *

ORDER OF COURT

AND NOW, this **24th** day of October, 2007, after careful consideration, and for

---

[4] I note that the Family offered no argument in response to the School District's citation to A.W. v. The Jersey City Public Schools, 486 F.3d 791 (3d Cir. 2007).

the reasons set forth in the accompanying Opinion, it is ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 21) is GRANTED. Judgment is entered in favor of the Defendant on all claims and against Plaintiffs.

This case is "Closed" forth with.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge